**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: )<br>)<br>Moll Group, LLC, )<br>)<br>                           Debtor. )<br>)<br>)<br>Lawrence Lichtenstein, Chapter 7 Trustee of )<br>the estate of Moll Group, LLC, )<br>)<br>                           Plaintiff, )<br>)<br>                        v. )<br>)<br>First National Bank of Chester County, )<br>)<br>                         Defendant. )<br>) | Chapter 7<br><br>Case No. 02-38198 (SR)<br><br><br><br>Adversary No. 04-1115 |

**MEMORANDUM OF LAW IN SUPPORT OF RESPONSE OF LAWRENCE
LICHTENSTEIN, TRUSTEE OF THE ESTATE OF MOLL GROUP, LLC, TO
MOTION OF DEFENDANT FIRST NATIONAL BANK TO DISMISS
COUNTS I AND II OF PLAINTIFF'S COMPLAINT, MOTION FOR
MORE DEFINITE STATEMENT AND MOTION TO STRIKE
<u>UNDER F.R.B.P. 7012 AND FRCP 12</u>**

Lawrence Lichtenstein, the Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the estate of Moll Group, LLC ("Debtor"), by and through his attorneys, Obermayer, Rebmann, Maxwell & Hippel, LLP, hereby files this Memorandum of Law in support of his Response to the Motion and Memorandum of Defendant First National Bank of Chester County ("FNBCC" or "Defendant") to Dismiss Counts I and II of Plaintiff's Complaint, Motion For More Definite Statement and Motion to Strike under F.R.B.P. 7012 and F.R.Civ.P. 12 ("Motion"). In support of the relief requested in his Response to the Motion, the Trustee states as follows:

624148

I.  **PROCEDURAL HISTORY**

On December 23, 2002 (the "Petition Date"), Debtor filed a voluntary petition under Chapter 11 of the Code, and relief was ordered. Debtor's case was converted from Chapter 11 to a Chapter 7 proceeding on August 28, 2003 and Lawrence Lichtenstein was subsequently appointed as Chapter 7 Trustee of this case.

In the course of his duties, on December 22, 2004 the Trustee filed an adversary proceeding ("Complaint") against FNBCC seeking the avoidance of transfers made by Debtor to Defendant in the aggregate amount of $333,455.01 ("Transfers") made during the one-year period preceding the Petition Date.[1] The Complaint alleges that FNBCC was a party to certain loans, lease and guarantees with Debtor. Debtor extended a Guaranty and Security Agreement in connection with a Promissory Note in the amount of $825,000.00 to Real Moll, a separate and distinct legal entity from the Debtor. (Complaint, ¶10). The Trustee is unaware of any consideration or benefit flowing to the Debtor in connection with this Guaranty of the debts of Real Moll. The Complaint seeks the avoidance of the Transfers through the following causes of action: Count I- Fraudulent Conveyances (11 U.S.C. §548); Count II- State-law Fraudulent Conveyances (11 U.S.C. §544 and 12 Pa.C.S.A. §§5101-5110); Count III- Preferential Transfers (11 U.S.C. §547); and Count IV- Recovery of Fraudulent and Preferential Transfers (11 U.S.C. §550). As to the avoidance of the fraudulent transfers, the Complaint seeks the avoidance of the Transfers to the extent that they were made on accounts for which the Debtor was not obligated and for which the Debtor did not receive reasonably equivalent value. (Complaint, ¶23, 27, 36). A detailed schedule of the Transfers was attached as Exhibit "A" to the Complaint and for each

---

[1] The Trustee filed an adversary proceeding against First National Bank of Chester County and ICBA Bancard & TCM Bank [Adv. No. 04-1113] for the avoidance of alleged preferential transfers made in connection with certain credit card accounts issued to Debtor and third parties. FNBCC and ICBA have filed a Motion to Dismiss that Complaint which is substantially similar to the one at issue here.

624148                                    2

such Transfer set forth the date the check was written, the date the check was honored, the check number and the respective amount. A true and correct copy of the Complaint is made a part hereof and is attached hereto as Exhibit "A".

On or about April 4, 2005, Defendant filed its Motion and Memorandum wherein Defendant (i) Moves to Dismiss Counts I and II of the Complaint for failure to state a claim; (ii) Moves for a More Definite Statement; and (iii) Moves to Strike under F.R.Bankr.P. 7012(f) and F.R.Civ.P. 12(f). For the following reasons, the Complaint is properly pled and Defendant's Motion should be denied with prejudice and Defendant ordered to Answer the Complaint.

**II.     ARGUMENT**

    **A.     As the Complaint is Properly Pled and Alleges a Viable Cause of Action, Defendant's Motion to Dismiss Should be Denied.**

The Defendant demands the dismissal of Counts I and II of the Complaint asserting that the Complaint fails to state a claim upon which relief can be granted under F.R.Bankr.P. 7012(b)(6). In support of its position, Defendant ventures beyond the four corners of the Complaint and submits an Affidavit of a vice president of FNBCC which, *inter alia*, asserts that each of the Transfers was made in satisfaction of an antecedent debt owed by the Debtor to the Defendant which constitutes reasonably equivalent value sufficient to defeat the Trustee's fraudulent transfer avoidance efforts. As will be set forth in detail below, transfers made or obligations incurred solely for the benefit of third parties that deplete the assets of the estate, as is alleged in the Complaint, do not furnish "reasonably equivalent value" within the meaning of the statutes providing for the avoidance of fraudulent transfers.

       1.    Defendant has not established an "affirmative defense" to Counts I and II.

A motion to dismiss should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Amsan v. Prophet 21, Inc., 2001 WL 1231819 (E.D.Pa.2001) *1, quoting, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The court must accept as true all the well-pleaded facts alleged in the complaint and any reasonable inferences. In re Harry Levin, Inc., 175 B.R. 560, 565 (Bankr. E.D.Pa. 1994)(citations omitted). The movant bears the burden of demonstrating that no claim has been stated. Id.

To prevail under a constructive fraud claim under 11 U.S.C. §548(a)(1)(B), the Trustee must ultimately prove by a preponderance of the evidence that the subject payments were not made in exchange for reasonably equivalent value. Here, Defendant contends in its Affidavit that each of the Transfers was made in satisfaction of an antecedent debt owed by the Debtor to the Defendant which constitutes reasonably equivalent value sufficient to defeat the Trustee's fraudulent transfer avoidance efforts. The transferee who asserts a defense under 11 U.S.C. §548(c) bears the burden of proof of the elements therein. In re Heffner, 262 B.R. 61, 65 (Bankr. M.D.Pa. 2001). Notwithstanding the propriety of Defendant's attempt to seek, in essence, summary judgment at this early stage of the proceedings, before an Answer has been filed or the taking of any discovery, Defendant's assertions are insufficient to constitute a defense to the avoidance of fraudulent transfers and, therefore, Defendant has not met its burden to show that the Complaint fails to state a claim upon which relief can be granted.

In its Affidavit, Defendant asserts that each of the Transfers was made in satisfaction of an antecedent debt owed by the Debtor to the Defendant. In support of its position, Defendant relies on the case of In re Burry, 309 B.R. 130 (Bankr. E.D.Pa. 2004) for the proposition that a

624148    4

transferee who takes property from the debtor in good faith and in exchange for value is protected from fraudulent transfer avoidance. However, the facts of <u>Burry</u> are distinguishable from those at bar in several critical respects. <u>Burry</u> involved the attempts of a trustee to avoid transfers made to a bank in payment of a boat loan that was not in the name of the debtor. The court specifically found that the debtor and obligor on the boat loan had an agreement that debtor could use the boat in exchange for making half the payments. Id. at 138. This use of the boat provided an indirect benefit to the debtor and the payments made by the debtor to the bank were made with reasonably equivalent value.

However, unlike the facts presented in <u>Burry</u>, the Complaint seeks avoidance as fraudulent transfers to the extent that the Transfers were made on accounts for which the Debtor was not obligated and where the Debtor did not receive reasonably equivalent exchange for such Transfers. Further, Debtor extended a Guaranty and Security Agreement in connection with a Promissory Note in the amount of $825,000.00 to Real Moll, a separate and distinct legal entity from the Debtor (Complaint, ¶10) and the Trustee is unaware of any consideration or benefit flowing to the Debtor in connection with this Guaranty of the debts of Real Moll. While the term "value" under 11 U.S.C. §548(d)(2)(A) includes "property, or satisfaction or securing of an antecedent debt of the debtor. . . ." that is not the end of the inquiry as to whether a debtor actually received reasonably equivalent value in exchange for a pre-petition transfer. "[T]ransfers made or obligations incurred solely for the benefit of third parties do not furnish reasonably equivalent value. . ." unless the debtor's net worth is unaffected because it received a direct or indirect economic benefit from the transfer. <u>In re Globe Tanker Services, Inc.</u>, 151 B.R. 23, 24-5 (Bankr. D.Conn. 1993), quoting, <u>In re Chicago, Mo. & Western Ry.</u>, 124 B.R. 769, 772 (Bankr. N.D.Ill. 1991)(citations omitted). <u>Globe Tanker</u> involved an action by the trustee to

avoid the pre-petition payment of oil and bunkers delivered at a time when the ship was no longer owned by the debtor-shipper. The defendant asserted that it delivered the oil and bunkers pursuant to its contractual obligations with the debtor-shipper which constituted reasonably equivalent value. The court in Globe Tanker concluded that there was a question of fact as to whether debtor-shipper received a benefit in exchange for the payment of oil and bunkers delivered to its former ship precluding the granting of summary judgment.

Where the guarantor receives no consideration for a guarantee, payments made or security interests extended by the guarantor are subject to fraudulent transfer avoidance because, from the standpoint of the unsecured creditors of the estate, the guarantor-debtor received less than reasonably equivalent value in exchange for the obligations associated with the guarantee. In re Image Worldwide, Ltd., 139 F.3d 574, 579(7th Cir. 1998). Transfers made in connection with guarantees that are made solely for the benefit of third parties do not furnish the debtor with reasonably equivalent value. In re R.M.L., Inc. 195 B.R. 602, 618 (Bankr. M.D.Pa. 1996), citing, In re Chicago, Missouri & Western Railway Co., 124 B.R. 769, 773 (Bankr. N.D.Ill. 1991).

Whether a debtor received reasonably equivalent value is determined from the perspective of the creditors of the estate and the analysis is directed at comparing what the debtor surrendered and what the debtor received. In re Pajaro Dunes Rental Agency, Inc., 174 B.R. 557, 578 (Bankr. N.D.Cal. 1994)(citations omitted). "[T]he focus is whether the net effect of the transaction has depleted the estate." In re Jeffrey Bigelow Design Group, Inc., 956 F.2d 479, 485 (4th Cir. 1991)  Here, the Trustee seeks avoidance of the Transfers as fraudulent transfers to the extent that they were made on accounts for which the Debtor was not obligated and where the Debtor did not receive reasonably equivalent exchange for such Transfers. The Trustee is

unaware of any consideration or benefit flowing to the Debtor in connection with Debtor's Guaranty of the debts of Real Moll and any payments made under the Guaranty. Under either scenario, Debtor received no value for the underlying obligation and obtained no benefit through the payments to Defendant. Accordingly, despite Defendant's assertion that the payments reduced an antecedent debt of the Debtor on a dollar-for-dollar basis, the Transfers had the demonstrable effect of depleting the assets of the estate available for distribution to its creditors to the extent that the Transfers were made to accounts for which the Debtor was not liable or received no benefit or value. As such Transfers were made for the benefit of third persons and the Debtor received no corresponding benefit, either direct of indirect, the Defendant has failed to assert a viable affirmative defense and their Motion to Dismiss should be denied.

      **B.**    **The Complaint is Properly Pled and Defendant's Motion for a More Definite Statement Should be Denied.**

Defendant contends that the essence of the Trustee's allegations in Complaint paragraphs 22, 23, 27, 36 and 37 that a portion of the Transfers were applied to accounts for which the Debtor was not liable is "vague and overly broad" and that as a consequence Defendant is unable to frame a responsive pleading. Defendant demands (1) the account or accounts to which the Transfers were credited; (2) the persons who benefited from the Transfers and how Defendant had notice of such; and (3) documentation from the books and records of the Debtor that substantiate or indicate that the Transfers were made on accounts for which the Debtor was not liable. The Defendant takes this position notwithstanding the specific allegations in paragraphs 10, 11, and 12 of the Complaint detailing the loans, leases and guaranties of the Debtor. These requests are properly made in the context of discovery and are not required to be set forth in the Complaint.

624148                              7

Contrary to the assertions of the Defendant, the contents of the Complaint surpass the requirements of pleading imposed by the Federal Rules of Bankruptcy Procedure. A motion for a more definite statement is appropriate only "if a pleading to which a responsive pleading is so vague or ambiguous that a party cannot reasonably be requited to frame a responsive pleading." F.R.Bankr.P. 7012(e). Motions for a more definite statement "are usually denied and are appropriate 'when the pleading is wholly uninformative as to the basis of the claim. . . .'" Harry Levin, 175 B.R. at 566, quoting, J. Moore, 2A Moore's Federal Practice, ¶12.18[1], at 12-173 (2d ed. 1994).

The standards of pleading under the Federal Rules are quite liberal and require only a simple statement designed to place the defendant on notice of the nature of the action. Federal Rule of Bankruptcy Procedure 7008, in addition to containing certain pleading requirements regarding venue and core/noncore proceedings, makes Federal Rule of Civil Procedure 8 applicable to adversary proceedings. Federal Rule of Civil Procedure 8(a) requires a plaintiff only to allege proper jurisdiction, a demand for relief and "a short and plain statement of the claim showing that the pleader is entitled to relief" and does not require the pleading of "facts" or "causes of action." Dioguardi v. Durning, 139 F.2d 774, 775 (2d Cir. 1944). The Supreme Court recently addressed the issue of notice pleading in the context of a motion to dismiss when it held that a complaint satisfies the requirements of Rule 8(a) if it "gives respondent fair notice of the basis for petitioner's claims." Swierkiewicz v. Sorema, 534 U.S. 506, 514, 2002. In rejecting the need for excessive facts in federal pleading, the Supreme Court stressed that the "simplified notice pleading standard (of the Federal Rules) relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id. at 512.

Allegations of fraud or mistake require a greater degree of particularity than do other types of claims raised in federal courts. Federal Rule 9(b) provides that, "[i]n all averments of fraud and mistake, the circumstances constituting fraud or mistake shall be stated with particularity. . . ." Fed.R.Civ.P. 9. "However, the factual detail that need be alleged in a fraud count is also tempered by the overall themes of simplicity and conciseness permeating the modern federal pleading system." Harry Levin, 175 B.R. at 567. To satisfy Fed. R. Bankr. P. 7009(b), allegations of fraud must merely give the defendant reasonable notice of the claim and contain sufficient information to allow that party to respond. Id. (citations omitted). Focusing exclusively on the particularity requirement is "too narrow and approach and fails to take account of the general simplicity and flexibility contemplated by the rules." Craftmatic Securities Litigation v. Kraftsow, 890 F.2d 628, 645 (3d Cir. 1989), quoting, Wright & Miller, 5 Federal Paractice and Procedure, §1298, at 407 (1969).

This flexibility of approach to the particularity requirement has been viewed as especially applicable to fraud claims raised by a statutory bankruptcy trustee. Harry Levin, 175 B.R. at 567. "When a trustee in bankruptcy pleads a claim of fraud, cases have held the Rule 9(b) requirement of particularity is relaxed. A persuasive reason to permit this relaxation is the trustee's inevitable lack of knowledge concerning acts of fraud previously committed against the debtor, a third party." Harry Levin, 175 B.R. at 567-8, citing, L. King, 9 Collier on Bankruptcy, ¶7009.05, at 7009-5 (15th ed. 1994)(footnotes omitted); accord, e.g. Wieboldt Stores, Inc. v. Schottenstein, 94 B.R. 488, 498 (Bankr. N.D.Ill. 1988); In re American Spring Bed Mfg. Co., 153 B.R. 365, 374 (Bankr. D.Mass. 1993); In re Hunt, 126 B.R. 437, 452 (Bankr. N.D.Tex. 1991).

The Chapter 7 trustee in Harry Levin alleged that the former president of the debtor used the debtor's assets for his own personal benefit and the payment of his personal debts with corporate assets constituted avoidable fraudulent transfers. The trustee did not allege precisely when the alleged transfers of assets occurred or even how much of the debtor's assets were improperly diverted. The defendant moved for a more definite statement. Despite finding the factual averments "sparse", the court concluded that they provided sufficient detail to enable the defendant to respond to the allegations and, if proven, entitle the trustee to relief. Harry Levin, 175 B.R. at 569. [2]

A motion for a more definite statement should not be granted to require evidentiary detail that is properly sought through discovery. Harry Levin, 175 B.R. at 566, citing, J. Moore, 2A Moore's Federal Practice, ¶12.18[1], at 12-171 (2d ed. 1994); accord, e.g., In re Noroton Heights Enterprises Corp., 96 B.R. 11, 15 (Bankr. D.Conn. 1989); In re American Intern. Airways, Inc., 66 B.R. 642, 645 (Bankr. E.D.Pa. 1986).

Here, the Complaint identifies certain loans, leases and guarantees between the Debtor and Defendant (Complaint, ¶¶10, 11, 12) and identifies each of the alleged Transfers by check date, honor date and amount of each respective transfer (Complaint, Exhibit A). The Trustee is unaware of any consideration or benefit flowing to the Debtor in connection with Debtor's Guaranty of the debts of Real Moll and any payments made under the Guaranty. The Plaintiff here is a Chapter 7 trustee, and courts have imposed less stringent standards of pleading fraud because a trustee is asserting claims involving third parties to which the trustee does not have first-hand knowledge. The Complaint provides Defendant with sufficient information to frame a response. Defendant reveals as much in their pleadings and Affidavit where it indicates that it

---

[2] See also In re Daniels 304 B.R. 695, 711 (Bankr. E.D.Pa. 2003)(allegations that property was sold for less than its worth rendering the debtor insolvent held to be sufficient to satisfy elements of prima facie constructive fraud claim)

624148                                    10

has conducted an investigation into the alleged transactions. Requests for additional information are properly the subject of discovery requests rather than a Motion for a More Definite Statement. Accordingly, the Trustee asserts that Defendant has not established sufficient grounds for a more definite statement.

### C.  Further Amendment of the Complaint is Governed by Fed. R. Bankr.P. 7015 and Defendant's Motion to Strike Should be Denied.

As a final demand for relief, Defendant seeks to strike paragraphs 15 and 29 of the Complaint pursuant to Fed. R. Bankr. P. 7012(f). The Trustee believes that Defendant seeks to strike paragraph 19 rather than 29. In essence, these paragraphs state that the Trustee's investigation into the transactions of the Debtor continues and the Trustee reserves the right to amend and supplement the characterization, amount and numbers of the Transfers as facts later become known. However, the averments of paragraphs 15 and 19 of the Complaint do not constitute a "redundant, immaterial, impertinent or scandalous matter" that are subject to being stricken under Fed. R. Bankr. P. 7012(f).

If the Trustee discovers in the course of disclosure or discovery additional transfers that are subject to avoidance, the Trustee may seek to amend the Complaint to include such additional transfers subject to the confines of Fed. R. Bankr. P. 7015. Fed. R. Bankr. P. 7015 provides that following the filing of an answer, a party may amend its pleading by leave of court or by written consent of the adverse party. Fed. R. Bankr. P. 15 is liberally construed and such amendments are freely granted. In re Jodoin, 196 B.R. 845, 851 (Bankr. E.D.Aal. 1996). As such, Defendant's Motion to Strike should be denied.

### III.  CONCLUSION

Based on the foregoing argument and law, Lawrence Lichtenstein, the Chapter 7 Trustee of the estate of Moll Group, LLC respectfully contends that the allegations of the Complaint

624148                                    11

were properly pled in accordance with the requirements of the Federal Rules and that, as such, the Defendant's Motion must be denied in full.

**WHEREFORE**, the Trustee respectfully requests that this Court deny Defendant's Motion and for such other relief as is just and equitable.

Respectfully submitted,

Dated: May 23, 2005    By: /s/ D. Alexander Barnes
D. Alexander Barnes, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103-1895
Telephone:   (215) 665-3000
Facsimile:    (215) 665-3165

Counsel to Lawrence Lichtenstein, Chapter 7 Trustee of the estate of Moll Group, LLC